UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-219 CAS (FMOx) | Date | April 29, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** **(In Chambers:) DEFENDANTS' U.S. BANK NATIONAL ASSOCIATION, FEDERAL HOME LOAN MORTGAGE CORPORATION AND MERS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** (filed 03/10/11)

**DEFENDANT NATIONAL DEFAULT SERVICE CORPORATION'S JOINDER** (filed 04/05/11)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

**I.  INTRODUCTION**

On November 30, 2010, plaintiffs John and Sylvia Cerecedes filed the instant action against U.S. Bankcorp dba U.S. Bank Home Mortgage ("U.S. Bank"); National Default Servicing Corporation ("NDSC"); Mortgage Electronic Registration Systems, Inc. aka MERS ("MERS"); Federal Home Loan Mortgage Corporation aka Freddie Mac ("Freddie Mac"); and Does 1 through 100, inclusive (collectively, "defendants") in the Los Angeles County Superior Court. On January 7, 2011, U.S. Bank and Freddie Mac removed the action to this Court pursuant to 12 U.S.C. § 1452(f) and 28 U.S.C. § 1442(a)(1).

On March 11, 2011, plaintiffs filed a first amended complaint ("FAC") against defendants alleging claims for: (1) declaratory relief; (2) injunctive relief; (3) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200 et seq.; (4) cancellation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-219 CAS (FMOx) | Date | April 29, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

of written instrument pursuant to Cal. Civ. Code § 3412; (5) negligence; (6) intentional infliction of emotional distress; and (7) the Rosenthal Act.

On March 10, 2011, U.S. Bank, Freddie Mac and MERS filed the instant motion to dismiss plaintiffs' FAC. Plaintiffs filed an opposition on March 28, 2011. U.S. Bank, Freddie Mac and MERS replied on April 4, 2011. On April 5, 2011, NDSC joined in U.S. Bank's, Freddie Mac's and MERS's motion to dismiss. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II. FACTUAL BACKGROUND

On October 24, 2007, plaintiffs obtained a loan from Metrocities Mortgages, LLC ("Metrocities") for $390,000 which was secured by a deed of trust recorded against real property located at 9251 Tarryton Avenue, Whittier, California 90605 ("the Property"). FAC ¶ 31, Exh. B. To repay the loan, plaintiffs executed a promissory note by which they agreed to make monthly payments from November 1, 2007 until November 1, 2037. FAC, Exh. B. Plaintiffs allege that shortly after it was executed, the promissory note secured by the deed of trust was securitized and transferred to Freddie Mac. FAC ¶ 32.

On March 3, 2009, NDSC caused a Notice of Default to be recorded with the Los Angeles County Recorder's Office. FAC ¶ 33, Exh. C. The Notice of Default states that plaintiffs were $23,691.99 in arrears as of March 2, 2009. FAC, Exh. C. On June 5, 2009, NDSC caused a Corporation Assignment of Deed of Trust to be recorded, whereby MERS, as nominee for Metrocities, transferred and assigned all interest in the deed of trust to U.S. Bank. FAC ¶ 34, Exh. D. Also on June 5, 2009, NSDC recorded a Substitution of Trustee, whereby U.S. Bank substituted NDSC as trustee for First American Title Insurance Co. ("First American"), the original trustee under the deed of trust. FAC ¶ 35, Exh. E. On June 28, 2010, a Notice of Trustee's Sale was recorded, setting the Property for foreclosure sale on July 23, 2010. FAC ¶ 37, Exh. 5. Plaintiffs allege that they still reside in the Property. FAC ¶ 38.

The gravamen of the FAC is that U.S. Bank has no basis to foreclose on the Property because the deed of trust was securitized to an unspecified pool of assets, rather than assigned to U.S. Bank directly. FAC ¶¶ 39–44. Plaintiffs further allege that defendants wrongfully initiated foreclosure proceedings on the Property because the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-219 CAS (FMOx) | Date | April 29, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

Notice of Default, Corporation Assignment of Deed of Trust, Substitution of Trustee, and Notice of Trustee's Sale were defective and/or fraudulently executed. FAC ¶¶ 33–37.

### III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-219 CAS (FMOx) | Date | April 29, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Corporation Assignment of Deed of Trust

As an initial matter, defendants argue that plaintiffs' claims are entirely inconsistent with the Corporation Assignment of Deed of Trust recorded June 5, 2009, which shows that Metrocities assigned the deed of trust to U.S. Bank effective May 15, 2009. Mot. at 3; see FAC, Exh. D.[1] Defendants argue that this document conclusively establishes that Metrocities assigned the deed of trust to U.S. bank rather than securitizing the loan, as plaintiffs allege. Id. Plaintiffs respond that the Corporation

---

[1] The parties dispute whether it is appropriate for the Court to take judicial notice of the Corporation Assignment of Deed of Trust. The dispute is irrelevant, however, because the Court may properly consider the Corporation Assignment of Deed of Trust, which is attached as Exhibit D to the FAC. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (in deciding Rule 12(b)(6) motion, a court may consider documents attached to the complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-219 CAS (FMOx) | Date | April 29, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

Assignment of Deed of Trust is not conclusive evidence that their loan was not transferred to Freddie Mac and securitized. Opp'n at 4–5. Plaintiffs further argue that the document itself is suspicious and legally insufficient. Id. The Court finds that whether the Corporation Assignment of Deed of Trust contradicts plaintiffs' allegation that their loan was securitized is not appropriate for resolution on a motion to dismiss. Accordingly, the Court will address each of plaintiffs' asserted claims for relief independently.

### B. Claims 1 and 2: Declaratory Relief and Injunctive Relief

Plaintiffs seek a declaration that defendants have no right to foreclose on the Property, and ask the Court to enjoin defendants from doing so. FAC ¶¶ 50–51, 54–58.

"Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." Lawrence v. Aurora Loan Servs. LLC, 2010 WL 364276, at *12 (E.D. Cal. Jan. 25, 2010) (quoting Shell Oil Co. v. Richter, 52 Cal. App. 2d 164, 168 (1942)). Where declaratory relief is "entirely commensurate with the relief sought through their other causes of action," the court may dismiss the claim for declaratory relief. Mangindin v. Washington Mutual Bank, 637 F. Supp. 2d 700, 707–08 (N.D. Cal. 2009). As discussed below, because plaintiffs fail to state a viable claim for relief predicated on defendants' initiation of foreclosure proceedings, the Court GRANTS defendants' motion to dismiss plaintiffs' claims for declaratory relief and injunctive relief without prejudice.

### C. Claim 3: Cal. Bus. & Prof. Code § 17200 et seq.

Plaintiffs allege that defendants "knowingly procured and offered false or fraudulently prepared documents to fabricate the missing gaps in the chain of title or to falsely demonstrate compliance with California Codes . . . and Regulations related to non-judicial foreclosure." FAC ¶ 60. Plaintiffs further allege that defendants engaged in unlawful and unfair business practices by securitizing their loan. FAC ¶ 61.

To state a claim for unfair competition pursuant to Cal. Bus. & Prof. Code § 17200, a plaintiff must allege an "unlawful, unfair, or fraudulent business act or practice" or "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-219 CAS (FMOx) | Date | April 29, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

California's UCL "borrow[s] violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 383 (1992) (quotation omitted). "Violation of almost any federal, state, or local law may serve as the basis for a UCL claim." Plascencia v. Lending 1st Mortgage, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008). "A complaint based on an unfair business practice may be predicated on a single act; the statute does not require a pattern of unlawful conduct." Brewer v. Indymac Bank, 609 F. Supp. 2d 1104, 1122 (E.D. Cal. 2009) (citing United Farm Workers of Am., AFL-CIO v. Dutra Farms, 83 Cal. App. 4th 1146, 1163 (2000)).

Defendants move to dismiss plaintiffs' claim under the unfair competition law ("UCL") on the grounds that it is predicated on a claim of fraud which is not pled with specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Mot. at 7–9. Plaintiffs respond that their UCL claim is based on independent violations of California's non-judicial foreclosure statutes, such as Cal. Civ. Code § 2924. Opp'n at 10.

The Court agrees with defendants. It appears that plaintiffs' UCL claim is predicated on the allegation that defendants fraudulently prepared documents to initiate a non-judicial foreclosure on the Property. See FAC ¶ 60. These allegations are not pled with the requisite specificity. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (9th Cir. 2009) ("we have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the . . .UCL."); Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991) (finding that the standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"). When a party pleads fraud against a corporation, as the plaintiff in this case, the already heightened pleading standard is further heightened. "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153 (1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-219 CAS (FMOx) | Date | April 29, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

With respect to plaintiffs' argument that their UCL claim is founded on violations of California's non-judicial foreclosure scheme, see Cal. Civ. Code §§ 2923.5, 2924–29241, those claims are not set forth in the complaint, and generic allegations of robo-signing and other unspecified irregularities are insufficient to place defendants on notice of how defendants violated those statutes. See FAC ¶¶ 12–22, 33–37. Moreover, plaintiffs' allegation that defendants engaged in an unlawful or unfair business practice by securitizing their loan has been rejected by numerous district courts. See Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (collecting cases).

Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' UCL claim without prejudice.

### D. Claim 4: Cancellation of Written Instrument

Plaintiffs seek cancellation of the deed of trust, notice of default, and notice of trustee's sale pursuant to Civil Code section 3412.[2] FAC ¶¶ 66–69. Plaintiffs' cancellation claim is deficient for a number of reasons. As an initial matter, plaintiffs offer no facts as to why the deed of trust is void and subject to cancellation. With respect to cancellation of the notice of default and notice of trustee's sale, as discussed above, plaintiffs' allegations sound in fraud and are not alleged with particularity. See Sanchez v. MortgageIt, Inc. 2011 WL 588178, at *2 (N.D. Cal. Feb. 10, 2011) (dismissing claim to cancel deed of trust because plaintiff did not plead with particularity that she was fraudulently induced into entering the loan). Finally, "to state a claim pursuant to Civil Code § 3412, plaintiff[s] must allege that [they have] restored everything of value

---

[2] Section 3412 provides:

A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled.

Cal. Civ. Code § 3412.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-219 CAS (FMOx) | Date | April 29, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

received from the loan transaction." Id. (citing Star Pac. Investments, Inc. v. Oro Hills Ranch, Inc., 121 Cal. Appl 3d 447, 457 (1981)). Here, plaintiffs have not done so. Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' claim for cancellation without prejudice.

### E. Claim 5: Negligence

Plaintiffs allege that defendants were negligent in the handling of their loan and initiation of non-judicial foreclosure proceedings. FAC ¶¶ 70–73. Defendants move to dismiss plaintiffs' negligence claim on the grounds that they owed plaintiffs no duty of care. Mot. at 13. Plaintiffs' respond that defendants owed them a duty of care once they securitized their loan and began handling the default on the loan. Opp'n at 13. Defendants argue that if plaintiffs failed to comply with the non-judicial foreclosure scheme, such conduct constitutes negligence per se. Id.

"To prevail on [a] negligence claim, plaintiffs must show that [defendants] owed them a legal duty, that [they] breached the duty, and that the breach was a proximate or legal cause of their injuries." Merrill v. Navegar, Inc., 26 Cal. 4th 465, 477 (2001). It is well-established under California law that a financial institution owes no duty to borrowers when the institution's involvement in the loan transaction does not exceed the scope of its role as a lender of money. See Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991); see also Oaks Mgmt. Corp., 145 Cal. App. 4th at 466 ("a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender"). Moreover, a trustee under a deed of trust owes no duties with respect to the exercise of the power of sale beyond those contained in California's non-judicial foreclosure laws. Bridgeman v. United States, 2011 WL 221639, at *13–14 (E.D. Cal. Jan. 21, 2011) (citing Kachlon v. Markowitz, 168 Cal. App. 4th 316, 335 (2008)).

Here, plaintiffs' argument that defendants owed them a duty of care is not well taken. There are no facts alleged that U.S. Bank or Freddie Mac exceeded the scope of their roles as lenders by securitizing plaintiffs' loan. See Nymark, 231 Cal. App. 3d at 1096. Moreover, with respect to negligence per se based on a purported violation of California's non-judicial foreclosure laws, as discussed above, plaintiffs do not plead an independent claim under those laws and the allegations are insufficient to place

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-219 CAS (FMOx) | Date | April 29, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

defendants on notice of how defendants violated the statutes. Finally, to state a valid negligence per se claim premised on a failure to comply with California's non-judicial foreclosure scheme, plaintiffs must provide allegations that the statutory violation itself caused them injury. See Atienza v. Wells Fargo Bank, 2011 WL 11507, at *3–4 (N.D. Cal. Jan. 4, 2011) (dismissing negligence per se claim where plaintiffs failed to allege that they were prejudiced by a faulty substitution of trustee). Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' negligence claim without prejudice.

### F.    Claim 6: Intentional Infliction of Emotional Distress

Plaintiffs allege a claim for intentional infliction of emotion distress based on defendants' conduct. FAC ¶¶ 74–79. The elements for the tort of intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant with the intent of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct . . . . Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Christensen v. Superior Court, 802 P.2d 181 (Cal. 1991) (internal quotations and citations omitted). Plaintiffs have failed to plead any facts demonstrating that defendants engaged in extreme and outrageous conduct. See Smith v. Wachovia, 2009 WL 1948829, at *4 (N.D. Cal. July 6, 2009) (allegations that defendant "wrongfully and intentionally initiated non-judicial foreclosure proceedings" were "not so extreme as to exceed the bounds of civilized society"). Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' intentional infliction of emotional distress claim without prejudice.

### G.    Claim 7: Rosenthal Act

Plaintiffs allege a violation of the Rosenthal Fair Debt Collections Act, Cal. Civ. Code § 1788 et seq. (the "Rosenthal Act"), by "unlawfully and improperly attempt[ing] to collect funds from Plaintiffs," and purportedly making various false statements and misrepresentations to plaintiffs regarding their loan. FAC ¶ 81. Plaintiffs' claim fails as a matter of law because foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the Rosenthal Act. See Saldate v. Wilshire Credit Corp.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-219 CAS (FMOx) | Date | April 29, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

711 F. Supp. 2d 1126, 1131–32 (E.D. Cal. 2010) (collecting cases).[3] Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' claim under the Rosenthal Act without prejudice.

**V.    CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to dismiss plaintiffs' first amended complaint in its entirety without prejudice.[4] Plaintiffs shall file an amended complaint within **thirty (30) days** after the filing of this order. Plaintiffs are admonished that, in the event that they do not amend the complaint within **thirty (30) days**, the Court will dismiss this action with prejudice

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[3] Plaintiffs cite McGrew v. Countrywide Home Loans, Inc., 628 F. Supp. 2d 1237 (S.D. Cal. 2009), for the proposition that the Rosenthal Act applies to lenders. The court's opinion in McGrew, however, was withdrawn from the bound volume at the request of the court. Id.

[4] Because this is the first time the Court has ruled on plaintiffs' claims, the Court finds that dismissal without prejudice is appropriate.