RETURN TO CLIENT

Norberto F. Reyes, III (SBN 158569)
Stephen Kitagawa (SBN 194254)
Rogi Sanchez (SBN 268433)
3600 Wilshire Boulevard, Ste. 820
Los Angeles, California 90010
Telephone: (213) 382-6600
Fax: (213) 382-2096

Attorneys for Plaintiffs John Cerecedes and
Sylvia Cerecedes

info@reyeslawgroup.com

2011 MAY 27 AM 10: 30
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

FILED

BY FAX

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CERECEDES and SYLVIA CERECEDES, <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. BANK, NATIONAL ASSOCIATION; NATIONAL DEFAULT SERVICING CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AKA MERS; FEDERAL HOME LOAN MORTGAGE CORPORATION AKA FREDDIE MAC; AND DOES 1 THROUGH 100, INCLUSIVE, <br><br> Defendants. | CASE NO. CV 11-219 CAS (FMOx) <br><br> SECOND AMENDED COMPLAINT FOR: <br><br> 1.  DECLARATORY RELIEF; <br> 2.  UNFAIR BUSINESSPRACTICES [VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200 ET SEQ]; <br> 3.  CANCELLATION OF WRITTEN INSTRUMENTS (CACIVILCODE §3412);AND, <br> 4.  NEGLIGENCE; |

COMES NOW the Plaintiffs, JOHN AND SYLVIA CERECEDES (collectively, the "Plaintiffs"), complaining of the Defendants, and each of them, as follows:

///

///

///

1

SECOND AMENDED COMPLAINT                    CV11-219 CAS (FMOx)

## **INTRODUCTION**

1.      Plaintiffs are now, and at all times relevant to this action, were residents of the County of Los Angeles, State of California.  Plaintiffs dispute the title and ownership of the Property which is the subject of this action, in that the originating mortgage lender, and others alleged to have ownership, have unlawfully sold, assigned or transferred their ownership interest in a Promissory Note and/or Deed of Trust, and thus do not have lawful ownership in the said real property.

2.      Plaintiffs allege that Defendants, and each of them, cannot establish possession and proper transfer and endorsement of the note and Deed of Trust; therefore, none of the Defendants have perfected any claim of title or interest in the Subject Property.  Defendants, and each of them, do not have the ability to establish that the mortgage that secures the indebtedness (i.e., the Note) was legally or properly acquired.

3.      Plaintiffs also seek redress from the Defendants identified herein below to enjoin a Trustee's Sale, for other injunctive relief, for damages pursuant to several California statutes, and for cancellation of a written instrument based upon:

(a)      An invalid and unperfected security interest in Plaintiffs' real property hereinafter described in this Complaint;

(b)      A void "True Sale(s)" violating New York law and various other statutes and/or ordinances;

(c)      An incomplete and void securitization of the Plaintiffs' mortgage;

(d)      The failure to comply with <u>California Civil Code</u> §§2924, 2923.5 2932.5, 2934 and other related statutes regarding recordation and/or other requirements;

SECOND AMENDED COMPLAINT                          CV11-219 CAS (FMOx)

(e)     Violations of California Business and Professions Code §17200 including but not limited to misleading, deceptive and fraudulent business practices as set forth herein below;

(f)     A void  Deed of Trust due to improper securitization for which there is a reasonable apprehension that if it is left outstanding, it may cause a serious injury;

(g)     Violations of the Trust Agreement which is the operative securitization document created by Defendant FREDDIE MAC as a means of memorializing a particular securitization transaction or other operating and service agreement entered into between the Trustee of the Trust and the entity or entities operating and/or servicing the particular Trust (see further discussion herein below).

4.      As these processes required multiple parties to complete the Foreclosure process and the Securitization process itself, and since all defendants were aware of and participated in each, directly or indirectly, they all have responsibility for the conduct which ensued. For example, A trustee's sale cannot be conducted without the **beneficiary** attempting to empower the **loan servicer** to have the **foreclosure trustee** undertake the process. The same is true with regard to the Securitization process. The loan is transferred between multiple parties as permitted by the **beneficiary**, through the **trustee of the securitized trust** via means of the **loan servicer**. The transactions were structured in a convoluted manner by these parties in an attempt to maximize their profit, for their sole and exclusive benefit and to obtain certain tax benefits from such structures. Plaintiff did not participate in any manner in such a structure.

5.      At all times relevant hereto Defendants, and each of them, and enhanced by the special relationship which was created by Defendants' acts in the securitization process and otherwise, were required to exercise all of their duties towards Plaintiff with the appropriate

care and skill and to protect Plaintiff's interests with respect to the underlying loan transaction. Moreover, Plaintiff further alleges, that Defendants, and each of them, through a collective enterprise, failed to adhere to the standards of care required of them and intentionally disregarded such standards required by contract and through California statutes (e.g. <u>2924</u>, <u>2932.5 et seq</u>.) making all instruments, notices of default, notices of trustee's sales and other such documents **void as a matter of law. As such instruments were void, Plaintiffs allege that no tender is required.**   Moreover, in light of Plaintiffs' damage claims as alleged more fully herein, and although not required, that in fact a full tender has in fact been made to Defendants in that in calculating Plaintiffs' damages, they will be reduced or adjusted in light of the amount of legitimate encumbrances from other parties.   Plaintiffs further allege, on information and belief, that even if such a tender was not offered, equity supports the conclusion that Plaintiffs would not have to tender anything to get equity based on the bad faith conduct and unclean hands of Defendants, and each of them.   Plaintiffs are informed and believe, and thereon allege, that the Defendants herein, and each of them, are named in their respective purported or putative capacities only, based on Plaintiffs' claims or assertions only, and are not to be taken as judicial admissions by Plaintiffs of any fact or facts in dispute in this action.

## THE PARTIES

7.     At all times relevant to this action, Plaintiffs have owned the real property commonly known as 9251 Tarryton Avenue, Whittier, CA 90605, County of Los Angeles, State of California (the "Subject Property").   The Subject Property is further described as Assessor's Parcel Number 8163-015-018 with a legal description of:

"LOT(S) 69 OF TRACT NO. 15043, IN THE AREA OF WHITTIER, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 395, PAGE(S) 46-48 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY."

7.      Defendant U.S. BANCORP dba U.S. BANK HOME MORTGAGE ("US BANK"), Plaintiffs are informed and believe, and thereon allege, is a business entity, form unknown, licensed to and doing business in the County of Los Angeles, State of California, whose last known address is 800 Nicollet Mall, Minneapolis, Minnesota, 55402; and was and is the purported Mortgage Servicer of the mortgage herein; and was and is a purported participant in the imperfect securitization of the Note and/or the Deed of Trust dated October 24, 2007 (Exhibit "A"), which was recorded on November 2, 2007, as more particularly described in this Complaint.

8.      Defendant NATIONAL DEFAULT SERVICING CORPORATION ("NDSC"), Plaintiffs are informed and believe, and thereon allege, is a corporation, licensed to and doing business in the County of Los Angeles, State of California, whose last known address is 7720 North 16th Street, Suite 300, Phoenix, AZ 85020; and is the purported Foreclosure Trustee and/or was and is a purported participant in the imperfect securitization of the Note and/or the Deed of Trust under a Deed of Trust recorded November 2, 2007, as more particularly described in this Complaint.

9.      Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, aka MERS ("MERS"), Plaintiffs are informed and believe, and thereon allege, is a corporation duly organized and existing under the laws of Delaware, whose last known address is 1818 Library Street, Suite 300, Reston, VA 20190, and/or P.O. Box 2026, Flint, MI 48501-2026 [website: http://www.mersinc.org], and is doing business in the County of Los Angeles, State of California.  Plaintiffs are further informed, believe and thereon allege, that MERS was and

SECOND AMENDED COMPLAINT                    CV11-219 CAS (FMOx)

is the purported NOMINEE and/or a purported participant in the imperfect securitization of the Note and/or the Deed of Trust dated October 24, 2007 (Exhibit "B"), as more particularly described in this Complaint.

10.     Defendant FREDDIE MAC ("FREDDIE MAC"), Plaintiffs are informed and believe, and thereon allege, is a business entity, form unknown, doing business in the County of Los Angeles, State of California, whose last known address is 8200 Jones Branch Drive McLean, VA 22102-3110; and was the purported Trustee of the Securitized Trust and/or a purported participant in the imperfect securitization of the Note herein and/or the Deed of Trust recorded November 2, 2007 (Exhibit "B"), as more particularly described in this Complaint.

11.     Plaintiffs do not know the true names, capacities, or basis for liability of Defendants sued as DOES 1 through 100, as each fictitiously named Defendant is in some manner liable to Plaintiffs, or claims some right, title, or interest in the Subject Property. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and therefore allege, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants is responsible in some manner for the injuries and damages to Plaintiffs so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

12.     Plaintiffs are informed and believe and thereon allege that at all times herein mentioned each of the Defendants was the agent, employee, servant and/or joint venturer of the remaining Defendants, and in doing the things alleged, was acting within the course and scope of such agency, employment and/or joint venture.

## THE FREDDIE MAC SECURITIZATION PROCESS

13.     Plaintiff alleges, on information and belief, that Defendant FREDDIE MAC securitizes loans in a manner that is different than the typical private securitization process. The procedure followed by FREDDIE MAC, Plaintiff alleges, on information and belief, is typically as follows:

a]      Loans are bought by FREDDIE MAC either individually, or in pools of loans from various lenders;

b]      FREDDIE MAC acts as both the Issuing Entity and the Trustee for the securitized trust;

c]      FREDDIE MAC does not appear to list their Trusts on SEC Websites;

d]      FREDDIE MAC issues certificates directly and/or through "sellers";

e]      FREDDIE MAC will retain loans as "portfolio" loans.

14.     Plaintiffs further allege, on information and belief, that FREDDIE MAC trust agreements typically contain the following language:

*Transfer of Mortgage-Backed Securities*. FREDDIE MAC, acting in its corporate capacity, does hereby transfer, assign, set over and otherwise convey to FREDDIE MAC, acting in its capacity as Trustee for each Single Tier Trust Fund (in the case of a Single Tier Series) or Lower Tier Trust Fund (in the case of a Two Tier Series) established hereby and by the related Issue Supplement, all of FREDDIE MAC's right, title and interest in and to the Mortgage-Backed Securities identified in Exhibit A to the related Issue Supplement, including all

SECOND AMENDED COMPLAINT                                    CV11-219 CAS (FMOx)

payments of principal and interest thereon received after the month of the Issue Date."

***Conveyance of Mortgage Loans.***

Concurrently with the execution and delivery of an Issue Supplement, FREDDIE MAC shall transfer, assign, set over and otherwise convey to the Trustee, on behalf of Holders or Certificates evidencing Fractional Undivided Interests therein, all of FREDDIE MAC's right, title and interest in and to the Mortgage Loans identified the attached Mortgage Loan Schedule including all payments of principal and interest thereon received after the respective date or dates on which the Issue Date Principal Balance was determined (other than payments permitted to be retained by FREDDIE MAC by the terms hereof, including payments of principal and interest due on or before the Issue Date).

In connection with any such transfer (other than pursuant to a Participation Certificate) of a Mortgage Loan evidenced by a Mortgage Note not held by FREDDIE MAC, FREDDIE MAC shall cause to be delivered to a custodian under a Custodial Agreement the related Mortgage Note endorsed in blank by the seller thereof, together with such other related documents as shall be specified in the Custodial Agreement. In the case of Mortgage Loans evidence by a Participation Certificate, FREDDIE MAC shall denote on the face of such Participation Certificate that it has been assigned to the Trustee for the exclusive benefit of Holders of Certificates evidencing Fractional Undivided Interests in the related Trust Fund."

SECOND AMENDED COMPLAINT                    CV11-219 CAS (FMOx)

15.     Securitization is the process whereby mortgage loans are turned into securities, or bonds, and sold to investors by Wall Street and other firms.  The purpose is to provide a large supply of money to lenders for originating loans, and to provide investments to bond holders which were expected to be relatively safe.  The procedure for selling of the loans was to create a situation whereby certain tax laws known as the Real Estate Mortgage Investment Conduit (hereinafter "REMIC") Act were observed, and whereby the Issuing Entities and the Lenders would be protected from either entity going into bankruptcy.  In order to achieve the desired "bankruptcy remoteness," two "True Sales" of the loans had to occur, in which loans were sold and transferred to the different parties to the securitization.

16.     In order for the Trustee of the Securitized Trust to have a valid and enforceable secured claim against Plaintiff's real property, the Trustee must prove and certify to all parties that, among other things required by law:

a.     There was a complete and unbroken chain of endorsements and transfers of the Note from and to each party to the securitization transaction (which should be from the (A) Mortgage Originator to the (B) Sponsor to the (C) Depositor to the (D) Trust, and that all of these endorsements and transfers were completed prior to the Trust closing dates (see discussion below);

b.     The Trustee of the Securitized Trust had actual physical possession of the Note at that point in time, when all endorsements and assignments had been completed. Absent such proof, Plaintiff alleges that the Trust cannot demonstrate that it had perfected its security interest in Plaintiff's real property that is the subject of this action.

## MERS COULD NOT ACT AND HAD NO STANDING TO FORECLOSE

17.     Plaintiffs are informed and believe, and on that basis allege, that Defendant MERS lacks the authority under its corporate charter to foreclose a mortgage, or to own or transfer an interest in a securitized mortgage because MERS charter limits MERS' powers and duties to functioning as an electronic registration system of certain types of securities.

18.     Plaintiffs further allege that due to its lack of staff and assets that MERS is not even able to operate as an electronic registration system. Moreover, that MERS has never owned or been the beneficiary of any promissory note nor been the recipient of any financial benefits re same.

19.     Plaintiffs further allege that due to improprieties in the trustee's sales process, that if in fact MERS had the authority to undertake the trustee's sale that said authority has been quashed by the improper actions undertaken during this process. Moreover, that the subject Note herein does not provide MERS with any rights with regard to the loan. Further, that the DOT does not provide MERS with the authority to assign the DOT/NOTE nor to Substitute in a new trustee. In light of the necessity of such actions under law, Cal. Civil Code 2924, 2932.5, 2934 and per the DOT (paragraphs 20-24), MERS lack of authority makes any purported trustee's sale process void. Moreover, that since same involves an interest and potential transfer of an interest in real property, that it must be clearly specified in a writing. Such a clear writing is absent.

20.     Plaintiffs are further informed and believe, and on that basis allege, that MERS was the agent for the principal, the originating lender. Moreover, that such a lender is now defunct. As MERS authority to act is derivative of and secondary to the originating lender, the fact that the lender is defunct eradicates any authority MERS has, if any, to conduct or be involved in any trustee's sale process or the transferring of legal instruments with regard to the subject property.

## FACTUAL ALLEGATIONS

21.     On or about October 24, 2007, Plaintiffs executed a series of documents, including but not limited to a Note and Deed of Trust securing the Note for $390,000.00 regarding the Subject Property located at 9251 Tarryton Avenue, Whittier, CA 90605 (the "Subject Property"). The original lender for this loan was METROCITIES MORTGAGE, LLC (now defunct) as evidenced by the Note and the Deed of Trust. The original trustee under the Deed of Trust was FIRST AMERICAN TITLE INSURANCE COMPANY ("FATI"). The beneficiary under the Deed of Trust was MERS. A true and correct copy of the Note and Deed of Trust herein are attached hereto as Exhibits "A" and "B" respectively, and are incorporated herein by reference.

22.     Sometime after October 24, 2007, the Note secured by the Deed of Trust of the Subject Property was securitized, with the Note (but not the deed of trust) being transferred to the FEDERAL HOME LOAN MORTGAGE CORPORATION, aka FREDDIE MAC, trust.

23.     On or about March 2, 2009, Defendants, and each of them, caused a void and irregular Notice of Default to be recorded with the Los Angeles County Recorder's Office as Instrument No. 2009-0294413. A true and correct copy thereof is attached hereto as Exhibit

"C" and is incorporated herein by reference.  The Notice of Default ("NOD") is purportedly executed by US BANK, as Beneficiary, by NDSC, by LSI TITLE, signed by an illegible person, with a printed name of Lucile McCord.  However, at this point in time US BANK was not the beneficiary. Moreover, MERS had no authority to take any action on behalf any party especially as to a defunct lender METROCITIES. Additionally, the new foreclosure trustee, NDSC had not been properly substituted in and had no authority to execute any documents in this matter. Additionally, neither LSI TITLE nor the purported signatory Lucile McCord was authorized to take any action herein. As such, per Cal. Civil Code 2924 the NOD is void. Additionally, Plaintiffs allege, it is improper for an agent, of a purported agent of a purported agent to sign an NOD. Finally, the purported signatory, Lucile McCord is a Robo-signer. They signed essential legal documents, for different companies, purporting to hold different positions, attesting to the accuracy of the contents of such documents, for a fee, without ever reviewing such documents.  Such actions are not only unlawful, but further cause the NOD to be void under the law. Additionally, the NOD is further void in that it lacks a properly executed 2923.5 declaration based on personal knowledge.

24.    On or about June 5, 2009, Defendants, and each of them, caused to be recorded a void Corporate Assignment of Deed of Trust with the Los Angeles County Recorder's Office as Instrument No. 2009-0844766.  A true and correct copy is attached hereto as Exhibit "D" and is incorporated herein by reference. Even if the NOD were not void, in order to conduct a valid trustee's sale a valid Assignment must be recorded per Cal. Civil Code 2932.5 and as required by law.  The Corporate Assignment of Deed of Trust ("ATD") states that MERS, a Nominee for METROCITIES MORTGAGE, LLC, assigns and transfers all of its 'interest the Deed of Trust to U.S. National Bank, N.A. As of this time, MERS had no further interest in the

subject loan and could not undertake any action. Moreover, as MERS was purportedly an agent for the defunct original lender, MERS had no authority to undertake any actions with regard to the instant property. Kim Stewart purportedly signed the ATD on behalf of MERS as assistant secretary. Plaintiffs allege that Ms. Stewart was also an illegal Robo-signer and that her actions were not only improper but created void instruments per Cal. Civil Code 2924. For example, Plaintiffs allege that Kim Stewart also signed as Vice President of U.S. Bank, N.A. and other entities attesting to the validity of essential legal documents without reviewing such documents for the other entities. As such, for these reasons, the ATD is void.

25.     Also, on or about June 5, 2009, DEFENDANTS, and each of them, caused to be recorded a void Substitution of Trustee ("SUB") with the Los Angeles County Recorder's Office as Instrument No. 2009-084477. A true and correct copy is attached hereto as Exhibit "E" and is incorporated herein by reference. The Substitution of Trustee states that U.S. Bank, N.A. f/k/a Firstar Bank, N.A., the purported beneficiary under the Deed of Trust, substitutes NDSC as the new trustee under the Deed of Trust. Olivia Todd purportedly signed on behalf of U.S. Bank, N.A. f/k/a Firstar Bank, N.A. as Vice President. As US BANK was not the proper beneficiary, it could not undertake any valid SUB. Additionally, Plaintiffs are informed and believe, and thereon allege, that Ms. Todd was also an illegal Robo-signer. Thus, the SUB was void as violative of Cal. Civil Code 2924 and 2934, as well as paragraph 24 of the DOT.

26.     As further evidence of the false and improper conduct that Defendants undertook with regard to the subject trustee's sale, Plaintiffs are informed and believe, and thereon allege, that Olivia Todd, despite attempting to conceal same, is the President of NDSC, and that Ms. Todd has been an employee of NDSC from at least 2008 to the present. More importantly, Plaintiffs are further informed and believe, and thereon allege that Olivia Todd, in

an Affidavit of Default submitted on behalf of U.S. Bank, N.A, stated that "she/he is President of U.S. Bank, N.A. fka Firstar Bank, N.A. [and] in such job position she/he has custody of personal knowledge of the information in the accounts of said servicer." At the hearing of "Order Requiring Attorney Steven H. Patterson and Affiant Olivia Todd to Appear and Show Cause Regarding the Accuracy of Affidavit of Default, the Court deemed the Affidavit of Default to be non-operative as the Court found It lacked credibility that the President of a national bank with over $250 million in assets was executing default affidavits, and upon further review, the Court did not believe that Ms. Todd was even employed by U.S. Bank, N.A. Plaintiffs allege that such fraudulent misconduct is what pervades the trustee sales industry.

27.   On or about June 30, 2010, NDS caused a defective Notice of Trustee's Sale ("NTS") to be recorded with the Los Angeles County Recorder's Office as Instrument No. 2010-0893059.  A true and correct copy is attached hereto as Exhibit "F" and is incorporated herein by reference.  Nicole Alford, as Trustee Sale Representative of NDSC, purportedly executed the Notice of Trustee's Sale.  However, the signature does not match the printed name. Additionally, the NTS is dependent on the validity of the NOD, ATD and SUB. If any of the above are void, then the NTS is void. The NOD, ATD and SUB are all void. Therefore, the NTS is void as a matter of law per Cal. Civil Code 2924 et seq.

28.   Defendants signing (or failure to sign or ROBOSIGNING for multiple and conflicting entities for a fee) of documents creates ambiguity in this situation. Not only is it improper for an agent of an agent of an agent to sign on behalf of a purported beneficiary, but moreover, Plaintiffs allege that it would be impossible for an agent of an agent (of an agent) to have the required personal knowledge that in fact a default had occurred and the amount of

such alleged default and with the accompanying declarations to such notices. Therefore, notwithstanding the lack of foundation in such a signing, no authorized person signed documents on behalf of Defendants. Moreover, there is no evidence that Defendant NDSC was ever properly substituted in as Trustee. These multiple issues create a further lack of clarity as to the rights of Defendants. However, it is clear that sufficient ambiguity exists in this process so as to raise genuine issues of conflict of interest, self-dealing, fraud and general incompetence. Plaintiff is certain that there are other instances of unauthorized employees or team members having

29. Plaintiffs and their family currently live in the Subject Property. If the house is sold at the Trustee's Sale, Plaintiffs will be greatly prejudiced by the wrongful foreclosure, and suffer immediate and irreparable harm by the loss of their home.

30. Plaintiffs are informed and believe, and thereon allege, that their loan (Note) was securitized, with the Note being eventually transferred into a Trust which provides for US BANK. to be the Servicer and FREDDIE MAC to be the Trustee. The Trust was believed to have been formed by execution of a Trust Agreement which is believed to be similar to the Trust Agreement which is typically used in the finance and securitization industry and is known as a "Pooling and Servicing Agreement" or "PSA."

31. Plaintiffs are further informed and believe, and on that basis allege, that Defendants US BANK, NDSC, MERS, FREDDIE MAC, and DOES 1 to 5 inclusive, and/or the persons or Defendants operating the pooled mortgage funds or securitized loans, created a method and/or format where the loans generated by an original lender became security for interests transferred to investors, as collateralized debt obligations or securitized loans. This created a new situation for Plaintiffs in that Plaintiffs were being forced to deal with parties

other than the original lender which other parties had different objectives and goals than simply holding and servicing the loans.

32.     Plaintiffs are informed and believe, and thereon allege, that subsequent to Plaintiffs' purchase of the Subject Property, the debt or obligation evidenced by the Note and Deed of Trust executed by Plaintiffs in favor of the original lender herein, METROCITIES, and other Defendants, regarding the Subject Property, were not properly assigned and/or transferred to the Defendants operating the pooled mortgage funds or trusts in accordance with the Trust Agreement of the entities making and receiving the purported assignments nor in compliance with Civil Code 2924, 2923.5, 2932.5, 2934 and other such sections.

33.     The alleged beneficiary of Plaintiffs' Deed of Trust (Exhibit "A") who attempts a non-judicial foreclosure upon the Subject Property does not have the requisite title, perfected security interest, or standing to proceed, and/or is not the real party in interest to effect a valid non-judicial foreclosure.  The Defendants' purported non-judicial foreclosure process, and any Notice of Trustee's Sale, are therefore invalid and void, and subject to cancellation. Plaintiffs are further informed and believe and thereon allege that any assignment of a deed of trust without the proper transfer of the obligation or note that it secures is a legal nullity and a void transaction

34.     Additionally, NDSC and US BANK, who were agents for or directed and acted for the recorded Beneficiary herein and trustee of the beneficiary, and MERS, had no legal authority to initiate the foreclose process and lacked standing because neither NDSC, US BANK nor any of its predecessors, nor any trustee, had any beneficial interest in the Note and no proper legal instruments were prepared and recorded properly providing them the necessary authority to proceed as they did. Moreover, and Plaintiffs are informed and believe, and thereon

allege, that the relevant notices of default, and any and all other documents executed herein were executed by 'Robosigners.' They also, as in the instant, executed declarations attached to such notices without any personal knowledge and therefore have offered in effect perjurious declarations. The use of such robosigners further makes these transactions null and void.

35.     Based upon the foregoing, Plaintiffs are further informed and believe, and thereon allege, that the following deficiencies exist, in the "True Sale" and securitization process which render invalid any security interest in the Plaintiffs' mortgage, including, but not limited to:

(a)     The splitting or separation of title, ownership and interest to Plaintiffs' Note and Deed of Trust (Exhibit "A");

(b)     When the loan was sold to each entity, there were no Assignments of the Deed of Trust to any entity at the time of the sale. Therefore, "True Sales" could not have occurred;

(c)     The failure by the original issuing entity, METROCITIES, to assign and transfer the beneficial interest in Plaintiff's Deed of Trust (Exhibit "A") to the present Trustee, FREDDIE MAC, in accordance with the Trust Agreement ("TA") of the Defendants, and each of them, as Securitization Participants;

(d)     The failure by the original issuing entity, METROCITIES, to assign and transfer Plaintiff's Note and/or Mortgage (Exhibit "A") to Defendant, FREDDIE MAC, in accordance with the TA;

(e)     No Assignments of Beneficiary or Endorsements of the Note to all entities in the transaction ever occurred (except for the below noted Assignment which took place long after the Note herein was placed in the Trust), supporting the fact that no true sales occurred as required under the TA;

(f)     Defendants, and each of them, violated the pertinent terms of the TA in various other respects; and,

(g)     Defendants, and each of them, also failed to comply with the relevant provisions of Cal. Civil Code 2924,2923.5, 2932.5, 2934 and other such sections as well as the terms of the relevant Deed of Trust.

36.     Plaintiffs are also informed and believe, and thereon allege, because Defendants, US BANK, NDSC, MERS and FREDDIE MAC, and their agents and trustees failed to comply with California *Civil Code* Sections 2924,2923.5, 2932.5,2934, and other related laws, they have no authority to foreclose upon the Subject Property. Thus, the NOD (Exhibit "C") is defective, which renders the entire non-judicial foreclosure process to be void and invalid.

**FIRST CLAIM FOR RELIEF:**
**DECLARATORY RELIEF (CC.1060)**
**(AGAINST ALL DEFENDANTS)**

37.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

38.     An actual controversy has arisen and now exists between Plaintiffs and Defendants, and each of them, regarding their respective rights and duties, in that Plaintiffs contend that Defendants, and each of them, do not have the right to foreclose on the Subject Property because Defendants' security interest in the Subject Property has been rendered void by operation of law, the California Civil Code, California Business and Professions Code and other California statutes and by a failure to comply with the terms of the relevant PSA. Thus, the purported power of sale attempted to be exercised by Defendants, and each of them, no

longer applies.  Plaintiffs further contend that Defendants, and each of them, do not have the right to foreclose on the Subject Property because Defendants, and each of them, did not properly comply with the securitization laws and falsely or fraudulently prepared documents required for Defendants, and each of them, to foreclose as a calculated and or other fraudulent business practice. Plaintiffs further allege, that the attempted trustee's sale was based on void and illegal instruments prepared and recorded by Defendants, and each of them, including the NOD, ATD, SUB & NTS and in violation of the law and that the trustee's sale process was void as a matter of law.

39.     Plaintiffs request that this Court find the purported power of sale contained in the Loan to be of no force and effect at this time, because Defendants' actions in the processing, handling and attempted foreclosure of this loan has contained numerous violations of State and Federal laws designed to protect borrowers, which has directly caused Plaintiffs to be at an equitable disadvantage to Defendants, and each of them.  Plaintiffs further request that title to the Subject Property remain in Plaintiffs' name during the pendency of this litigation.

40.     Plaintiffs believe that Defendants will disagree with the conclusions of Plaintiffs referenced in Paragraphs 39 & 40 above. Thus, especially to prevent irreparable injury to plaintiffs, an immediate declaratory relief order is necessitated with regard to the issues referenced by Plaintiffs.

41.     Defendants, and each of them, through the actions alleged above, have illegally commenced foreclosure under the Note of the Subject Property via a non-judicial foreclosure action supported by false or fraudulent documents.  Said foreclosure action has caused and continues to cause Plaintiffs great and irreparable injury in that real property is unique.

42.     The wrongful conduct of Defendants, and each of them, unless restrained and enjoined by an Order of the Court, will continue to cause great and irreparable harm to Plaintiffs.  Plaintiffs will not have the beneficial use and enjoyment of the Subject Property and will lose their home which is deemed to be a unique asset under the law.

43.     Plaintiffs have no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiffs.

44.     Plaintiffs have suffered and will continue to suffer in the future unless Defendants' wrongful conduct is restrained and enjoined because real property is inherently unique and it is and will be difficult or  impossible for Plaintiffs to determine the precise amount of damage Plaintiffs will suffer. Additionally, the relief is necessary in order to prevent Defendants, and each of them, operating in combination and without legal authority, from continuing with the wrongful foreclosure against Plaintiffs and from continuing with the wrongful securitization of Plaintiffs' loan.

## SECOND CLAIM FOR RELIEF:
## UNFAIR BUSINESS PRACTICES IN VIOLATION OF §17200
## ET SEQ OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE
### (AGAINST ALL DEFENDANTS)

45.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

46.     Defendants, and each of them, and in combination, as part of their business practices, fraudulently and knowingly procured and offered false or fraudulently prepared documents to fabricate the missing gaps in the chain of title or to falsely demonstrate compliance with California Civil Codes (2924 et seq, 2932.5, 2923.5 etc) and Regulations

related to non-judicial foreclosure. They allowed these documents to be filed, registered, or recorded in California in violation of California Penal Code §115.5. Such documents include, but are not limited to, the subject NOD,ATD, SUB, NTS any alleged assignments and any such related documents. The documents were untimely, signed by individuals who had no authority to sign, executed by parties that had no legal authority to act in furtherance of the foreclosure, were not properly recorded, were executed by illegal Robo-signers, had inadequate and insufficient declarations and other such defects. These documents, and the activities with regard to the preparation of these documents, were undertaken by NDSC, US BANK, MERS & FREDDIE MAC and with the knowledge of all such parties

    47.    Defendants, and each of them, further engaged in unlawful and unfair business practices with regard to the securitization of Plaintiffs' loan. They failed to comply with the contracts, failed to comply with the requirements of the TA and in effect placed an improper cloud on title on the subject property. Moreover, Defendants, by and through US BANK  and NDSC, at the direction and knowledge of Defendant beneficiaries and trustees and MERS, improperly serviced Plaintiffs' loan account,  including, but not limited to, charging improper fees resulting from misapplied payments, improper late fees for payment posting errors, unauthorized escrow accounts, unauthorized use of "suspense" accounts, inflated fees for property inspections, inflated fees for title reports, broker priced opinions, force-placed insurance and foreclosure trustee services.  Plaintiffs are informed and believe, and thereon allege, that as a matter of practice, Defendants billed Plaintiffs at a substantial markup to the actual cost of services billed to the Defendants.  Defendant's marked-up fees violate the mortgage contract because they exceed the actual cost of the services and are not reasonable to protect the alleged note holder's interest in the property and rights under the security

instrument. These inflated fees and charges are routinely billed by said Defendants, and each of them, as a way to generate default-related fee income. These actions were undertaken in combination by Defendants.

48.    The business practices of Defendants, and each of them, are unlawful and fraudulent and violate California law as alleged herein. Further, Defendants, and each of them, knew that their business practices were unlawful and fraudulent. Moreover, the actions were undertaken with the intention of deceiving Plaintiffs and the public at large in that the actions are not properly disclosed to Plaintiffs and were undertaken with concealment.

49.    Pursuant to §§17200 et seq. of the California Business and Professions Code, unfair business practices include any unlawful, unfair, fraudulent, misleading and/or deceptive business practices. The fraudulent and unlawful conduct of Defendants, and each of them, as alleged hereinabove, including but not limited to the procuring of false and/or fraudulent documents in order to conduct their business, including the illegal and void NOD, ATD, SUB & NTS and constitute unlawful and fraudulent business practices within the provisions of §§17200 et seq of the California Business and Professions Code and as premised in Cal. Civil Code 2924 et seq, 2932.5 and 2934. These practices were undertaken in combination between Defendant beneficiaries, such as MERS and THE TRUSTEE, the loan servicer US BANK , and the foreclosure trustee, NDSC and with their knowledge and ratification that the practices were improper and not in compliance with the law in California and were undertaken to take advantage of consumers such as Plaintiffs.

50.    As a direct and proximate result of the unfair business practices of Defendants, and each of them, as herein alleged, Plaintiffs have incurred damages in that Plaintiffs' real

property is now subject to foreclosure at the hands of Defendants, and each of them. Additionally, by reason of the conduct of Defendants, and each of them, as referenced above, in order to attempt to protect their home from misappropriation, Plaintiffs have had to hire counsel and spend monies related to same. Furthermore, the value of Plaintiffs' home has been impaired and reduced by the cloud on title created by Defendants conduct re the securitization and trustee's sale. This also unfairly limits Plaintiffs' options to cure, all by reason of which Plaintiffs have been damaged in at least the sum of the jurisdictional minimum of this Court, plus interest, applicable fees and costs, and additional amounts, according to proof at the time of trial.

51. As a further direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiffs are entitled to an Order of Preliminary Injunction prohibiting Defendants, and each of them, from selling or attempting to sell, or causing to be sold, any interest whatsoever in the Subject Property.

<u>**THIRD CLAIM FOR RELIEF:**</u>

<u>**CANCELLATION OF WRITTEN INSTRUMENTS**</u>

<u>**[CALIFORNIA CIVIL CODE §3412]**</u>

**(AGAINST ALL DEFENDANTS)**

52. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

53. On or about October 24, 2007, as alleged hereinabove, Plaintiffs executed a series of written instruments, including but not limited to a Note and Deed of Trust (Exhibit "A") securing the Note in the amount of $390,000.00, regarding the Subject Property.

54. The Deed of Trust (Exhibit "A"), NOD, ATD, SUB and NTS are void for the reasons set forth hereinabove namely that Defendants, and each of them, have grossly failed to

property is now subject to foreclosure at the hands of Defendants, and each of them. Additionally, by reason of the conduct of Defendants, and each of them, as referenced above, in order to attempt to protect their home from misappropriation, Plaintiffs have had to hire counsel and spend monies related to same. Furthermore, the value of Plaintiffs' home has been impaired and reduced by the cloud on title created by Defendants conduct re the securitization and trustee's sale. This also unfairly limits Plaintiffs' options to cure, all by reason of which Plaintiffs have been damaged in at least the sum of the jurisdictional minimum of this Court, plus interest, applicable fees and costs, and additional amounts, according to proof at the time of trial.

51.    As a further direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiffs are entitled to an Order of Preliminary Injunction prohibiting Defendants, and each of them, from selling or attempting to sell, or causing to be sold, any interest whatsoever in the Subject Property.

<u>**THIRD CLAIM FOR RELIEF:**</u>

<u>**CANCELLATION OF WRITTEN INSTRUMENTS**</u>

<u>**[CALIFORNIA CIVIL CODE §3412]**</u>

**(AGAINST ALL DEFENDANTS)**

52.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

53.    On or about October 24, 2007, as alleged hereinabove, Plaintiffs executed a series of written instruments, including but not limited to a Note and Deed of Trust (Exhibit "A") securing the Note in the amount of $390,000.00, regarding the Subject Property.

54.    The Deed of Trust (Exhibit "A"), NOD, ATD, SUB and NTS are void for the reasons set forth hereinabove namely that Defendants, and each of them, have grossly failed to

comply with the foreclosure laws of this State, have the breached the duties imposed by Statute as well as violated the obligations imposed on them. If these void instruments are permitted to stay on title, Plaintiffs will continue to be prejudiced by same, based on the improper cloud on title created by Defendants and the improper limitations that the void instruments place on Plaintiffs options with regard to the subject property.

55.    Plaintiffs are therefore entitled to have the Deed of Trust (Exhibit "A"), NOD, ATD, SUB &NTS adjudged void and cancelled  pursuant to California Civil Code, § 3412.

**FOURTH CLAIM FOR RELIEF: NEGLIGENCE**

**(AGAINST ALL DEFENDANTS)**

56.    Plaintiffs re-allege and incorporate by reference all of the proceeding paragraphs as though set forth in full.

57.    As referenced above, per contract and conduct, Defendants, and each of them, owed a duty of care to properly manage Plaintiffs' loan account,  to deal honestly and in good faith in dealing with Plaintiff's loans and any foreclosure proceedings, and, finally, and to act properly as to the securitization or other transactions undertaken that materially impacted Plaintiffs' loan. Defendants, and each of them, knew that Plaintiffs would rely on Defendants', and each of their, conduct, and knew that if they did not perform as Plaintiffs expected and as Defendants were required to perform, that Plaintiffs would be harmed by the misconduct of Defendants, which could result in the loss of Plaintiffs' home and other substantial damages. Additionally, Defendants, and each of them, in utilizing Robo-signers and in undertaking actions in violation of the law, undertook actions outside of normal actions involved in ordinary loan transactions and in violation of California Statutes such as Cal. Civil Code 2924 et seq, 2923.5, 2932.5, 2934 and related sections.

58.     Defendants, and each of them, have breached said duties by losing Plaintiffs' documents, by negligently misleading Plaintiffs as to events related to the Trustee's sale, by preparing defective and unlawful notices regarding the Trustee sale such as the NOD, ATD, SUB and NTS, by wrongfully moving forward with the foreclosure of Plaintiffs' property, by fabricating documents, by using persons and entity(s) not authorized to act, by mishandling Plaintiffs' account, by improperly undertaking the securitization of Plaintiffs' loan, by using illegal Robo-signers to sign documents, by not reasonably ascertaining Plaintiffs financial condition in violation of Cal. Civil Code 2923.5, by not reasonably providing Plaintiffs with the remedy of loan modification, by taking monies from Plaintiffs but not applying it to the mortgage or to any defaulted amount  but retaining same and other such actions according to proof.

59.     As a proximate result of Defendants, and each of their, actions, Plaintiffs have been damaged in a sum according to proof at trial.


**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs JOHN CERECEDES and SYLVIA CERECEDES,  pray for the following relief as referenced in each Claim as follows:

1.     For Compensatory Damages in an amount to be determined by proof at trial;

2.     For General Damages in an amount to be determined by proof at trial;

3.     For Declaratory Relief including, but not limited to, a Judicial Determination and Declaration of Plaintiffs' rights including, but not limited to, the following:

(a)     A Declaration of this Court that Plaintiffs are the prevailing parties in this action;

SECOND AMENDED COMPLAINT                           CV11-219 CAS (FMOx)

(b)    A Declaratory Judgment providing that the Mortgage Servicer has no enforceable secured or unsecured claim against Plaintiffs' real property;

(c)    A Declaratory Judgment providing that the Foreclosure Trustee has no enforceable secured or unsecured claim against the Subject Property;

(d)    A Declaratory Judgment providing that the Beneficiary of the Trust has no enforceable secured or unsecured claim against the Subject Property;

(e)    A Declaratory Judgment providing that the Trustee of the Trust (Mortgage) has no enforceable secured or unsecured claim against the Subject Property;

(f)    A Declaratory Judgment providing that no other party, whether known or unknown has no enforceable secured or unsecured claim against the Subject Property; and, in the alternative,

(g)    A Declaratory Judgment providing that any efforts of the Defendants, and each of them, to assign and deliver the Note to the Trustee or the Trust after the closing date of the Trust, be declared void and a legal nullity, in willful violation New York trust law and of relevant portions of the PSA,

(h)    An order that the trustee's sale process undertaken by Defendants was based on void legal instruments and the trustee's sale process is void per Cal. Civil Code 2924, 2923.5, 2932.5 & 2934.

(i)    For Injunctive Relief including but not limited to a temporary restraining order, preliminary injunction and permanent injunction prohibiting foreclosure of and/or sale of the Subject Property;

4.    For Cancellation of the Deed of Trust (Exhibit "A"), NOD, ATD, SUB & NTS herein;

5.      For any prejudgment or other interest according to law;

6.      For any other and further relief that the Court considers just and proper.


Dated: May 26, 2011                    REYES LAW GROUP, APLC




                            By:____/s/ Norberto F. Reyes III
                                 Norberto F. Reyes III, Esq.
                                 Attorney for Plaintiffs
                                 JOHN CERECEDES and SYLVIA CERECEDES
                                 litigation@reyeslawgroup.com

SECOND AMENDED COMPLAINT                    CV11-219 CAS (FMOx)