UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-219 CAS (FMOx) | Date | July 11, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Stephen Kitagawa | | Valerie Strumwasser Bradford Klein | |

**Proceedings:** **DEFENDANTS' U.S. BANK NATIONAL ASSOCIATION, FEDERAL HOME LOAN MORTGAGE CORPORATION AND MERS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** (filed 06/13/11)

**DEFENDANT NATIONAL DEFAULT SERVICE CORPORATION'S JOINDER** (filed 06/14/11)

## I.    INTRODUCTION

On November 30, 2010, plaintiffs John and Sylvia Cerecedes filed the instant action against U.S. Bankcorp dba U.S. Bank Home Mortgage ("U.S. Bank"); National Default Servicing Corporation ("NDSC"); Mortgage Electronic Registration Systems, Inc. aka MERS ("MERS"); Federal Home Loan Mortgage Corporation aka Freddie Mac ("Freddie Mac"); and Does 1 through 100, inclusive (collectively, "defendants") in the Los Angeles County Superior Court.  On January 7, 2011, U.S. Bank and Freddie Mac removed the action to this Court pursuant to 12 U.S.C. § 1452(f) and 28 U.S.C. § 1442(a)(1).

On March 11, 2011, plaintiffs filed a first amended complaint ("FAC") against defendants.  On April 29, 2011, the Court granted defendants' motion to dismiss plaintiffs' FAC without prejudice.

On May 27, 2011, plaintiffs filed a second amended complaint ("SAC") against defendants alleging claims for: (1) declaratory relief, (2) unfair business practices in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 11-219 CAS (FMOx) | Date | July 11, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

violation of Cal. Bus. & Prof. Code §§ 17200 et seq., (3) cancellation of a written instrument, pursuant to Cal. Civ. Code § 3412, and (4) negligence.

On June 13, 2011, U.S. Bank, Freddie Mac and MERS filed the instant motion to dismiss plaintiffs' SAC. On June 14, 2011, NDSC joined in U.S. Bank's, Freddie Mac's and MERS' motion to dismiss. Plaintiffs filed an opposition on June 20, 2011. U.S. Bank, Freddie Mac and MERS replied on June 24, 2011. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II. FACTUAL BACKGROUND

On October 24, 2007, plaintiffs obtained a loan from Metrocities Mortgages, LLC ("Metrocities") for $390,000 which was secured by a deed of trust recorded against real property located at 9251 Tarryton Avenue, Whittier, California 90605 ("the Property"). SAC ¶ 21, Exhs. A & B.[1] The original trustee under the deed of trust was First American Title Insurance Company ("First American"), and MERS was named as the beneficiary. SAC ¶ 21, Exh. A. To repay the loan, plaintiffs executed a promissory note by which they agreed to make monthly payments from November 1, 2007 until November 1, 2037. SAC, Exhs. A & B. Plaintiffs allege that shortly after it was executed, the promissory note, but not the deed of trust, was securitized and transferred to Freddie Mac. SAC ¶ 22.

On March 3, 2009, NDSC caused a Notice of Default to be recorded with the Los Angeles County Recorder's Office. SAC ¶ 23, Exh. C. The Notice of Default states that plaintiffs were $23,691.99 in arrears as of March 2, 2009. SAC, Exh. C. The Notice of Default is executed by "U.S. Bank Home Mortgage, as Beneficiary by National Default Servicing Corporation, as Agent for the Beneficiary by LSI Title Company, as Agent for National Default Servicing Corporation." SAC ¶ 23, Exh. C. The Notice of Default is

---

[1] Plaintiffs' SAC references documents, such as the deed of trust, as being attached as exhibits to the pleading. See, e.g., SAC ¶ 10 (referencing deed of trust, recorded November 2, 2007, as "Exhibit B"). The SAC, however, contains no exhibits. Accordingly, the Court reads the SAC as incorporating by reference the exhibits attached to plaintiffs' FAC. Accordingly, all citations to exhibits herein refer to exhibits attached to plaintiffs' FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-219 CAS (FMOx) | Date | July 11, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

signed by Lucille McCord. SAC ¶ 23, Exh. C. Plaintiffs allege that the Notice of Default is void because at the time the Notice of Default was executed: (1)U.S. Bank was not the beneficiary under the deed of trust, (2) MERS had no authority to take any action on behalf of any party, especially as to Metrocities, which plaintiffs allege was defunct, and (3) NDSC had not been properly substituted in as trustee. SAC ¶ 23. Plaintiffs further allege that Lucille McCord is a "robo-signer." SAC ¶ 23.

On June 5, 2009, NDSC caused a Corporation Assignment of Deed of Trust to be recorded, whereby MERS, as nominee for Metrocities, transferred and assigned all interest in the deed of trust to U.S. Bank. SAC ¶ 24, Exh. D. Plaintiffs allege that the Corporation Assignment Deed of Trust is void because MERS had no authority to undertake any action on behalf of Metrocities, which was defunct. SAC ¶ 24. The Corporation Assignment of Deed of Trust is signed by Kim Stewart. SAC ¶ 24, Exh. D. Plaintiffs allege that Kim Stewart is a robo-signer, and also signed documents on behalf of U.S. Bank and other entities. SAC ¶ 24.

Also on June 5, 2009, NDSC recorded a Substitution of Trustee, whereby U.S. Bank substituted NDSC as trustee for First American. SAC ¶ 25, Exh. E. The Substitution of Trustee is signed by Olivia A. Todd on behalf of "U.S. Bank, N.A., f/k/a Firstar Bank, N.A." SAC, Exh. E. Plaintiffs allege that Olivia A. Todd is actually the President of NDSC, and has been employed by NDSC since 2008. SAC ¶ 26. Plaintiffs allege that "[a]t the hearing of 'Order Requiring Attorney Steven H. Patterson and Affiant Olivia Todd to Appear and Show Cause Regarding the Accuracy of Affidavit of Default,['] the Court found It [sic] lacked credibility that the President of a national bank with over $250 million in assets was executing default affidavits, and upon further review, the Court did not believe that Ms. Todd was even employed by U.S. Bank, N.A."[2] SAC ¶ 26. Accordingly, plaintiffs allege that Olivia A. Todd is a robo-signer. SAC ¶ 25.

---

[2] The hearing on the "Order Requiring Attorney Steven H. Patterson and Affiant Olivia Todd to Appear and Show Cause Regarding the Accuracy of Affidavit of Default" did not take place before this Court, and the SAC does not specify where the hearing occurred. Presumably, the proceeding was heard in the Los Angeles County Superior Court before the action was removed to this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-219 CAS (FMOx) | Date | July 11, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

On June 30, 2010, a Notice of Trustee's Sale was recorded, setting the Property for foreclosure sale on July 23, 2010. SAC ¶ 27, Exh. F. Nicole Alford, as "Trustee Sales Representative" of NDSC, purportedly executed the Notice of Trustee's Sale. SAC, Exh. F. Plaintiffs allege that the signature does not match the printed name. SAC ¶ 27. Plaintiffs allege that they still reside in the Property. SAC ¶ 29.

The gravamen of the SAC is that U.S. Bank has no basis to foreclose on the Property because the note was securitized to an unspecified pool of assets, rather than assigned to U.S. Bank directly. SAC ¶¶ 30–34. Plaintiffs further allege that defendants wrongfully initiated foreclosure proceedings on the Property because the Notice of Default, Corporation Assignment of Deed of Trust, Substitution of Trustee, and Notice of Trustee's Sale were defective and/or fraudulently executed. SAC ¶¶ 34–36.

## III.  LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 11-219 CAS (FMOx) | Date | July 11, 2011 |
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

llegations.  Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

### A.   Corporation Assignment of Deed of Trust

Defendants argue that plaintiffs' allegation that their note was securitized is contradicted by the Corporation Assignment of Deed of Trust recorded June 5, 2009, which shows that Metrocities assigned the deed of trust to U.S. Bank effective May 15,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-219 CAS (FMOx) | Date | July 11, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

2009. Mot. at 3–4; see SAC, Exh. D.[3] In resolving defendants' motion to dismiss plaintiffs' FAC, the Court already held that whether the Corporation Assignment of Deed of Trust contradicts plaintiffs' allegation that their note was securitized is not appropriate for resolution on a motion to dismiss. See Dkt. 25 at 5. Therefore, the Court will address each of plaintiffs' claims for relief independently.

### B.    Claim 1: Declaratory Relief

Plaintiffs seek a declaration that defendants have no right to foreclose on the Property. SAC ¶¶ 37–44.

Declaratory relief is not an independent claim, but rather a form of relief. Santos v. Countrywide Home Loans, No. Civ. 2:09-02642 WBS DAD, 2009 WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009). Where declaratory relief is "entirely commensurate with the relief sought through their other causes of action," the court may dismiss the claim for declaratory relief. Mangindin v. Washington Mutual Bank, 637 F. Supp. 2d 700, 707–08 (N.D. Cal. 2009); see also Hollins v. Recontrust, N.A., No. CV 11–945 PSG (PLAx), 2011 WL 1743291, at *2 (C.D. Cal. May 6, 2011) ("a claim for declaratory relief is improper where, as here, the claim merely replicates other substantive causes of action asserted in the pleading."). As discussed below, because plaintiffs fail to state a viable claim for relief predicated on defendants' initiation of foreclosure proceedings, the Court GRANTS defendants' motion to dismiss plaintiffs' claim for declaratory relief with prejudice.

---

[3] The parties dispute whether it is appropriate for the Court to take judicial notice of the Corporation Assignment of Deed of Trust. The dispute is irrelevant, however, because the Court may properly consider the Corporation Assignment of Deed of Trust, which is attached as Exhibit D to the SAC. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (in deciding Rule 12(b)(6) motion, a court may consider documents attached to the complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 11-219 CAS (FMOx) | Date | July 11, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

    **C.**    **Claim 2: Cal. Bus. & Prof Code §§ 17200 et seq.**

    The Unfair Competition Law ("UCL") provides that "unfair competition . . . include[s] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising. . . ." Cal. Bus. & Prof Code § 17200. The statute is phrased in the "disjunctive," and, as a result, the statute is violated where a defendant's act or practice is unlawful, unfair, or fraudulent. Prata v. Super. Ct., 91 Cal. App. 4th 1128, 1137 (2001).

    Plaintiffs allege that defendants "knowingly procured and offered false or fraudulently prepared documents to fabricate the missing gaps in the chain of title or to falsely demonstrate compliance with California Civil Codes . . . and Regulations related to non-judicial foreclosure." SAC ¶ 46. Plaintiffs further allege that defendants engaged in unlawful and unfair business practices by securitizing their loan. SAC ¶ 47.

    Defendants move to dismiss plaintiffs' claim under the UCL on the grounds that it is predicated on a claim of fraud which is not pled with specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Mot. at 9–12. Plaintiffs respond that they state a claim under the unlawful prong of the UCL, based on defendants' violations of California's non-judicial foreclosure statutes, including Cal. Civ. Code §§ 2924, 2932.5, and 2923.5. Opp'n at 10. Plaintiffs further maintain that they have alleged sufficient facts to demonstrate that defendants violated Cal. Penal Code § 115.5 by robo-signing documents in an attempt to foreclose on the Property.[4] Id.

---

    [4] Section 115.5 provides, in pertinent part:

> Every person who files any false or forged document or instrument with the county recorder which affects title to, places an encumbrance on, or places an interest secured by a mortgage or deed of trust on, real property consisting of a single-family residence containing not more than four dwelling units, with knowledge that the document is false or forged, is punishable, in addition to any other punishment, by a fine not exceeding seventy-five thousand dollars ($75,000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 11-219 CAS (FMOx) | Date | July 11, 2011 |
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

     California's UCL "borrow[s] violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." Farmers Ins. Exch. v. Super. Ct, 2 Cal. 4th 377, 383 (1992) (quotation omitted). "Violation of almost any federal, state, or local law may serve as the basis for a UCL claim." Plascencia v. Lending 1st Mortgage, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008). Although framed in terms of violations of California statutes, at base, plaintiffs' UCL claim is predicated on the allegation that defendants fraudulently prepared documents to initiate a non-judicial foreclosure on the Property. See SAC ¶ 46. Because plaintiffs' claim sounds in fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires plaintiffs to plead with particularity the circumstances constituting the fraud. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (9th Cir. 2009) ("we have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the . . .UCL."); Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991) (finding that the standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"). When a party pleads fraud against a corporation, as plaintiffs in this case, the already heightened pleading standard is further heightened. "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153 (1991).

     The majority of plaintiffs' allegations regarding "robo-signing" are pled in a conclusory fashion without any factual support. See, e.g., SAC ¶ 23 ("the purported signatory, Lucile [sic] McCord is a Robo-signer"); SAC ¶ 24 ("Kim Stewart was also an illegal Robo-signer"). The Court is mindful of the reports of financial institutions using so-called "robo-signers" to improperly sign documents used in the foreclosure process. See, e.g., Gretchen Morgenson & Andrew Martin, Big Legal Clash On Foreclosure Is Taking Shape, N.Y. Times, October 21, 2010, at A1. However, Rule 9(b) and Twombly require plaintiffs to set forth more than bare allegations of "robo-signing" without any other factual support. Perhaps more importantly, plaintiffs do not dispute that they

---

Cal. Penal Code § 115.5(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-219 CAS (FMOx) | Date | July 11, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

defaulted on their loan or that they received the notices required by Cal. Civ. Code § 2924. Under these circumstances, the Court cannot say that plaintiffs state a claim under either the fraudulent or unlawful prong of the UCL. See Orzoff v. Bank of America, N.A., No. 2:10–CV–2202 JCM (GWF), 2011 WL 1539897, at *2–3 (D. Nev. Apr. 22, 2011) (holding that plaintiff failed to state a claim that trustee breached its duty by "robo-signing" documents related to plaintiff's loan where plaintiff did not dispute that she defaulted on her mortgage or that she received required notices); Bucy v. Aurora Loan Servs., LLC, No. 2:10-cv-1050, 2011 WL 1044045, at *6 (S.D. Ohio Mar. 18, 2011) (plaintiff failed to state a claim for fraud based on purported "robo-signing" where "Plaintiff d[id] not dispute the accuracy of any of the salient facts, such as the amount owed or the amount in default.").

Furthermore, with respect to plaintiffs' allegations regarding violations of California's non-judicial foreclosure scheme, see Cal. Civ. Code §§ 2923.5, 2924–29241, plaintiffs again fail to allege an independent claim based on violations of those statutes. Defendants and the Court are entitled to be put on notice of the specific statutes plaintiffs allege defendants violated, and how defendants violated those statutes.

Finally, as discussed in the Court's order granting defendants' motion to dismiss plaintiffs' FAC, the allegation that defendants engaged in an unlawful or unfair business practice by securitizing plaintiffs' note has been rejected by numerous district courts. See Dkt. 25 at 7 (citing Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (collecting cases)).

Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' UCL claim with prejudice.

### D.    Claim 3: Cancellation of Written Instrument

Plaintiffs seek cancellation of the deed of trust, Notice of Default, Substitution of Trustee, Corporation Assignment of Deed of Trust, and Notice of Trustee's Sale pursuant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　JS-6

| Case No. | CV 11-219 CAS (FMOx) | Date | July 11, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

to Civil Code section 3412.[5]  SAC ¶¶ 52–55.  Plaintiffs fail to state a claim for cancellation of written instrument.  First, plaintiffs again offer no facts as to why the deed of trust is void and subject to cancellation.  Second, defendants correctly note that plaintiffs' challenge to the validity of the Notice of Default and Corporation Assignment of Deed of Trust based on MERS' authority as the beneficiary under the deed of trust has been rejected by courts throughout California.  See, e.g., Lane, 713 F. Supp. 2d at 1098–99 ("There is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose.  Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure."); Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1157 (2011) (holding that provision in deed of trust granting MERS the authority to initiate a foreclosure was valid, even if MERS did not hold a beneficial interest in the deed of trust, where MERS was designated as nominee for lender and lender's successors and assigns).  Third, plaintiffs' attempt to cancel the Substitution of Trustee and Notice of Default based on purported "robo-signing" fails for the reasons discussed above.  Finally, "to state a claim pursuant to Civil Code § 3412, plaintiff[s] must allege that [they have] restored everything of value received from the loan transaction." Sanchez v. MortgageIt, Inc., No. C 10-4146 PJH, 2011 WL 588178, at *2 (N.D. Cal. Feb. 10, 2011)  (citing Star Pac. Investments, Inc. v. Oro Hills Ranch, Inc., 121 Cal. App. 3d 447, 457 (1981)).  Here, plaintiffs have failed to do so.  Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' claim for cancellation with prejudice.

---

[5] Section 3412 provides:

A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled.

Cal. Civ. Code § 3412.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 11-219 CAS (FMOx) | Date | July 11, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

### E.     Claim 4: Negligence

Plaintiffs allege that defendants were negligent in the handling of their loan and initiation of non-judicial foreclosure proceedings. SAC ¶¶ 56–59. Defendants move to dismiss plaintiffs' negligence claim on the grounds that they owed plaintiffs no duty of care. Mot. at 15–16. Plaintiffs' respond that defendants owed them a duty of care once they securitized their loan and began handling the default on the loan. Opp'n at 13–14. Defendants argue that if plaintiffs failed to comply with the non-judicial foreclosure scheme, such conduct constitutes negligence per se. Id. at 13.

"To prevail on [a] negligence claim, plaintiffs must show that [defendants] owed them a legal duty, that [they] breached the duty, and that the breach was a proximate or legal cause of their injuries." Merrill v. Navegar, Inc., 26 Cal. 4th 465, 477 (2001). It is well-established under California law that a financial institution owes no duty to borrowers when the institution's involvement in the loan transaction does not exceed the scope of its role as a lender of money. See Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991); see also Oaks Mgmt. Corp. v. Super. Ct., 145 Cal. App. 4th 453, 466 (2006) ("a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender"). Moreover, a trustee under a deed of trust owes no duties with respect to the exercise of the power of sale beyond those contained in California's non-judicial foreclosure laws. Bridgeman v. United States, No. 2:10-cv-01457 JAM KJN PS, 2011 WL 221639, at *13–14 (E.D. Cal. Jan. 21, 2011) (citing Kachlon v. Markowitz, 168 Cal. App. 4th 316, 335 (2008)).

Plaintiffs have failed to address the defects previously identified by the Court in dismissing the FAC. There are no facts alleged that U.S. Bank or Freddie Mac exceeded the scope of their roles as lenders by securitizing plaintiffs' loan. See Nymark, 231 Cal. App. 3d at 1096. Moreover, with respect to negligence per se based on a purported violation of California's non-judicial foreclosure laws, as discussed above, plaintiffs do not plead an independent claim under those laws and plaintiffs have not alleged sufficient facts demonstrating that the statutory violation itself caused them injury. See Atienza v. Wells Fargo Bank, No. C 10-03457 RS, 2011 WL 11507, at *3–4 (N.D. Cal. Jan. 4, 2011) (dismissing negligence per se claim where plaintiffs failed to allege that they were prejudiced by a faulty substitution of trustee). Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' negligence claim with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-219 CAS (FMOx) | Date | July 11, 2011 |
|---|---|---|---|
| Title | JOHN CERECEDES & SYLVIA CERECEDES v. U.S. BANKCORP; ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to dismiss plaintiffs' second amended complaint in its entirety. Because plaintiffs have filed three complaints, and it appears that plaintiffs cannot cure the aforementioned deficiencies, the Court finds that dismissal of the action with prejudice is appropriate. See Schreiber Distrib. Co., 806 F.2d at 1401.

IT IS SO ORDERED.

00 : 08

Initials of Preparer      CMJ